Filed 2/8/16  P. v. Perkins CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL PERKINS,<br><br>        Defendant and Appellant. | E064250<br><br>(Super.Ct.No. FSB1501128)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Michael Perkins was charged by felony complaint with battery on a nonprisoner by a prisoner (Pen. Code,[1] § 4501.5, count 1) and possession of a wireless communication device in a local correctional facility (§ 4575, subd. (a), count 2). It was also alleged that defendant had three prior strike convictions. (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).) On June 9, 2015, the court added count 3, resisting an officer (§ 69), on motion by the People. Pursuant to a plea agreement, defendant pled no contest to count 3. The parties stipulated that the police reports and felony complaint contained a factual basis for the plea. The court dismissed the remaining counts and allegations. In accordance with the plea agreement, the court sentenced defendant to eight months in state prison, consecutive to any other sentence he was currently serving, with zero credits.

Defendant filed a timely notice of appeal. We affirm.

FACTUAL BACKGROUND

Defendant was an inmate at Oak Glen Conservation Camp. On March 1, 2015, a correctional officer saw him talking on a cell phone, using a wireless headset device. She ordered him to hand the device to her. Defendant put it in his mouth and quickly proceeded toward her. The officer put her hands up to keep distance between herself and defendant by pushing him in the chest. Defendant used his weight and strength to

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

push her back about three feet.  He then ran outside to the back fence and threw the headset device and cell phone over the fence.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a few potential arguable issues:  (1) whether defendant's plea was knowing and voluntary, and whether it can be challenged without a certificate of probable cause; (2) whether there was a proper factual basis for the plea; and (3) whether the sentence was authorized by law.  Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

3

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

4